United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41103
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR CHAVEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-00-CR-451-1
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cesar Chavez appeals his conviction and 120-month sentence. Chavez pleaded guilty to a charge of possession with intent to distribute twenty-six kilograms of cocaine.

Chavez contends that 21 U.S.C. § 841 is unconstitutional in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). As Chavez acknowledges, his argument is foreclosed by this court's precedent and is raised only to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preserve the issue for Supreme Court review.  See United States v. Fort, 248 F.3d 475, 482-83 (5th Cir. 2001); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

Chavez contends that the factual basis for his plea was inadequate under FED. R. CRIM. P. 11(f).  He asserts that the factual summary presented at the rearraignment did not establish that he knowingly possessed cocaine.  Chavez's contention, which is raised for the first time, is reviewed for plain error only. United States v. Vonn, 535 U.S. 55, 59 (2002).

The record demonstrates no error.  At the rearraignment, the district court ascertained that Chavez was pleading guilty to possession with intent to distribute cocaine, and Chavez did not object to the identification of the controlled substance as cocaine.  Further, in United States v. Gamez-Gonzalez, 319 F.3d 695, 700 (5th Cir. 2003), we reaffirmed our rejection of the argument that Chavez asserts.  Accordingly, Chavez's conviction and sentence are AFFIRMED.